

**SO ORDERED,**

**Judge Jason D. Woodard**

**United States Bankruptcy Judge**

**The Order of the Court is set forth below. The case docket reflects the date entered.**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF MISSISSIPPI

| | | | |
|---|---|---|---|
| **In re:** | ) | | |
| | ) | | |
| **CHARLES QUENTIN FERGUSON,** | ) | Case No.: | 18-14021-JDW |
| | ) | | |
| **Debtor.** | ) | Chapter: | 7 |

## ORDER TO SHOW CAUSE

On November 29, 2018, the Court entered an order entitled *Agreed Order* Extending Deadlines for Case Trustee and U.S. Trustee to File §727 Complaints, Motions for Dismissal for Abuse, and/or Objections to Claims of Exempt Property Agreed Order (the "Agreed Order") (Dkt. # 11) (italics added). The first line of the Agreed Order provided that "[O]n **ore tenus** motion of the *debtor(s) and the trustee* in the above styled cause," (italics added) certain deadlines would be extended. Jeffrey A. Levingston, the chapter 7 trustee in this case, signed the order under the heading "Approved and Agreed To:." On the signature line for Debtor's counsel, Tracy Buster Walsh, was the notation "Refused to Sign." This phrase, and others like it, are used as "terms of art" in this district when parties have reached an agreement, but counsel submitting the agreed order has been unable to procure the signature of counsel opposite. Apparently, this is not what happened in this instance.

On December 5, 2018, Ms. Walsh filed a Motion to Set Aside the Agreed Order (the "Motion to Set Aside") (Dkt. # 13), alleging that despite the representations in the Agreed Order, she did not agree to its contents and did not sign it. The Motion to Set Aside came on for hearing before the Court on January 8, 2019. Ms. Walsh appeared at the hearing, but Mr. Levingston did not. Ms. Walsh again indicated that she did not agree to the Agreed Order or to any extensions. Accordingly, the Court will enter a separate order setting aside the Agreed Order. The issue remaining, then, is the submission of a purported agreed order for the Court's consideration that was not, in fact, agreed. This cannot be. The Court must be able to trust the representations of counsel. The Court must address the submission of an order allegedly "on the ore tenus motion of the debtor" that was not agreed, but instead expressly rejected by Debtor's counsel. Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that Jeffrey A. Levingston shall **APPEAR AND SHOW CAUSE** on **February 13, 2019, at 10:30 a.m.,** at the United States Federal Building, 911 Jackson Avenue East, Oxford, MS  38655, as to why monetary sanctions should not be imposed for his misrepresentation to the Court in the submission of the Agreed Order.

##END OF ORDER##